**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SIMONE DICKSON,

                        Plaintiff,

    v.
                                                   No. 1:22-CV-1114
FLETCHER, et al.,                          (GLS/CFH)

                        Defendants.

---

**APPEARANCES:**

Simone Dickson
P.O. Box 14472
Albany, New York 12212
Plaintiff pro se

**REPORT-RECOMMENDATION AND ORDER**

**I. In Forma Pauperis**

Plaintiff pro se Simone Dickson ("plaintiff") purported to commence this action on July 27, 2022, by filing a complaint in the United States District Court, District of Columbia. See Dkt. No. 1 ("Compl."). In lieu of paying the court's filing fee, she submitted a motion to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The District of Columbia transferred the case to this Court on October 27, 2022. See Dkt. Nos. 6, 7. The undersigned has reviewed plaintiff's IFP motion and determines that she financially qualifies to proceed IFP for the purpose of filing.[1]

---

[1] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs she may incur in this action.

## II. Initial Review

### A. Legal Standard

Section 1915[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Pro se litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

---

[2] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

2

Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(1), (3). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too [] heavy [a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  The Second Circuit has held that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citation omitted).  If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Plaintiff's Complaint

Plaintiff seeks to bring this action against "Hill", "Alamayo", and "Fletcher" who are Albany Police Officers.  See Compl. at 2.[3]  Plaintiff asserts that "at 8:00 pm" at either the "Stewarts" or "CVS on New Scotland[,]" she "was attacked and there was a false arrest made[.]" Id. at 4-5.  Plaintiff claims that "everybody made it seem as if I was crazy but I did what I have to do to defend myself so the person who attacked me didn't

---

[3] Citations to plaintiff's filings are to the pagination generated by CM/ECF in the pages' headers.

4

get arrested and they sent me to CDPC[4] which is a violation and retaliation against witness." Id. at 5.  Plaintiff seeks "monetary damages" and "the charges to be dismissed because I shouldn't had been put in CDPC in the first place." Id.  Plaintiff attaches to her complaint an Appearance Ticket from the Albany Police Department dated May 19, 2022, for assault in the third degree at 16 New Scotland Avenue, Albany, New York.  See Dkt. No. 1-1 at 1.

Separate from her complaint, plaintiff provided additional documents to the Court.  First, plaintiff submitted a letter which states

> That there is a tyranny Second Amendment going on in the local government up there and police where not following proper procedure, and protocol because when I notif[i]ed the Shift Supervisor 'Hill' about the pending lawsuit with CDPC to let him know it was not safe to send me there under false pretenses just to try and keep me there and make it seem as though I'm mentally incompetent to keep me in to not be able to go to court let alone trial.  So, I transferred my case to the District of Columbia so that I can get the case dismissed under the grounds of false arrest, and hate crime, and retaliation of a witness.

Dkt. No. 3 at 1-2.  Plaintiff asserts that because she "had a notice of claim on the police department already from the beginning of the year so due to the fact there was no arrest or detention made from the direct threat and attacker and she was the opposite race I consider the false arrest a hate crime." Id. at 2.

Second, plaintiff submitted a "memorandum for the secretaries of the military department" which states that "Indian Chief of Shinnicock Tribe declares martial law in the State of New York during my lawsuit strike in the State of New York 2021-Present[.]"  Dkt. No. 4 at 1.  Plaintiff lists numerous alleged defendants in the case caption of her

---

[4] Plaintiff does not provide a full name for the entity that she was sent to; however, based on another case that plaintiff has filed with the Court and her supplemental filings in his case, she is likely referring to the Capital District Psychiatric Center.  See Dkt. No. 4 at 1; see also Dickson v. Mitta, et al., 1:22-CV-437 (DNH/CFH).

5

"memorandum" including the Capital District Psychiatric Center; the Albany, Schenectady, and Kingston Police Departments; Albany and Schenectady Family Courts; the Department of Homeland Security; Internal Affairs for New York State; Albany County Mental Health Court; Schenectady City Hall; Schenectady County Jail; the "Attorney General Office (Northern District of New York)"; "Albany Field Unit Federal Beurou [sic] of Investigations"; and "United States District Court Syracuse, and Albany, Southern District".[5]  Id.  Plaintiff's submission discusses the formalist versus functionalist approach to Constitutional interpretation; semiconductor manufacturing; electromagnetic frequency radiation; and "plants that can protect against EMF radiation."  Dkt. No. 4-1 at 6; 1-5.

### C.  Failure to State a Claim Under Federal Rules of Civil Procedure 8 and 10

Construing plaintiff's complaint liberally, the only cognizable claim that the undersigned can discern is a false arrest claim.  See Compl. at 5.  However, plaintiff's complaint fails to meet the pleading requirements of Rules 8 and 10.  See FED. R. CIV. P. 8, 10.  Plaintiff's complaint does not present a short and plain statement of the claim showing that she is entitled to relief, nor is each allegation "simple, concise, and direct." See FED. R. CIV. P. 8(a)(2), (d)(1).  Her complaint also fails to include "a short and plain statement of the grounds for the court's jurisdiction[.]"  FED. R. CIV. P. 8(a)(1).  Plaintiff checks two boxes to assert that her complaint is brought under federal question and

---

[5] Plaintiff has a history of filing pro se complaints in the District of Columbia, Southern District of New York, and Northern District of New York that are often dismissed in the early stage of the cases.  See Dickson v. Mitta et al., 1:22-CV-437 (DNH/CFH), Dkt. No. 4 at 21, n.9 (collecting cases).  The various entities that plaintiff lists in her "memorandum" encompass nearly every named defendant in the cases that have been brought before this Court or transferred here.  See Dkt. No. 4 at 1.

diversity jurisdiction but does not explain how her claims arise under either type of jurisdiction.  See Compl. at 3.  She does not otherwise name a constitutional or statutory provision under which she seeks to bring her complaint.  See generally Compl.; see also Ingraham v. Hartford Conniceut Ins., No. 1:20-CV-1190 (GLS/DJS), 2020 WL 6874408, at *3 (N.D.N.Y. Oct. 29, 2020) ("Plaintiffs must [] clearly state the nature of the suit and the basis for this Court's jurisdiction."), report and recommendation adopted, 2020 WL 6870096 (N.D.N.Y. Nov. 23, 2020).[6]  Rather, plaintiff provides three criminal complaints that list a slew of statutes that do not create a private cause of action and/or do not relate to a potential false arrest claim.  See Dkt. No. 1-1 at 2-4 (citing 18 U.S.C. §§ 662, 664-666, 1002, 1018, 1028, 1030, 1038, 1341, 1513-1514, 1514A, 1708, 2266).  She also fails to present her claims in numbered paragraphs, limited to one "circumstance" per paragraph.  FED. R. CIV. P. 10.  Rather, her complaint consists of a location, time, and single paragraph asserting that "there was a false arrest[.]"  Compl. at 5.  Plaintiff does not, for example, explain who arrested her, provide any factual background for what occurred before or after the arrest, or allege why the apparent arrest for assault was false.  See id.

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer "more than labels and conclusions, . . . a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  Twombly, 550 U.S. at 555-57.  Plaintiff's complaint "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."

---

[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

Gonzales, 167 F.R.D. at 355; accord Laspisa v. Citifinancial Does 1 to 20, 269 F. Supp. 3d 11, 13 (N.D.N.Y. 2017), report and recommendation adopted, 2017 WL 3769570 (N.D.N.Y. Aug. 29, 2017).

Moreover, assuming that plaintiff would seek to bring this complaint as a civil rights action, "[a] complaint in a civil rights action is subject to dismissal against a defendant for failure to state a claim on initial review under 28 U.S.C. § 1915(e)(2)(B)(ii) where a defendant named in the caption is not mentioned in the factual allegations in the body of the complaint."  LeClair v. Vinson, No. 1:19-CV-28 (BKS/DJS), 2019 WL 1300547, at *9 (N.D.N.Y. Mar. 21, 2019) (citing Cruz v. New York, 5:17-CV-510 (BKS/TWD), 2017 WL 6021838, at *16 (N.D.N.Y. Oct. 27, 2017), report and recommendation adopted, 2017 WL 6001833 (Dec. 4, 2017) (collecting cases)), report and recommendation adopted, 2019 WL 2723478 (N.D.N.Y. July 1, 2019).  Plaintiff asserts that "there was a false arrest made[,]" but does not allege who perpetrated the arrest—whether it was one of the defendants named in her list of defendants, all of them, or another individual.  Compl. at 5; see also Thompson v. Michaud, No. 3:19-CV-1004 (JAM), 2019 WL 6879046, at *2-3 (D. Conn. Dec. 17, 2019) (dismissing claims because "[a]lthough the caption of the complaint names two supervisory [] officials as defendants in this action . . ., there is nothing in the body of the complaint that identifies them as personally taking part in any of the adverse actions against [the plaintiff].  In the absence of any allegations showing the[ir] personal involvement . . ., there are no grounds for [the plaintiff's] excessive force or any other claim to proceed against [them].").

Plaintiff's additional submissions do not provide any clarity to her complaint and rather contain contentions that are vague and/or incomprehensible. See Dkt. Nos. 3, 4. See Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019) (per curiam) (citation omitted) ("[D]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."); see also Ingraham v. Cumo, No. 1:20-CV-0147 (TJM/CFH), 2020 WL 1916696, at *3 (N.D.N.Y. Feb. 27, 2020) (dismissing the complaint without prejudice where the complaint "is unintelligible. It [is] not possible to discern a single fact from the complaint nor a cause of action under any federal statute or constitutional provision."), report and recommendation adopted, No. 1:20-CV-0147, 2020 WL 1915010 (N.D.N.Y. Apr. 20, 2020). One document states "that there is a tyranny second amendment going on in the local government up there and police where not following proper procedure[.]" Dkt. No. 3 at 1. She mentions notifying defendant Hill about the alleged false arrest. See id. However, this does not provide information sufficient to supplement her complaint and withstand initial review. See id. at 1-2. As for plaintiff's second supplemental document, even under the most liberal interpretation, the Court cannot find a cognizable claim within the filing. See generally Dkt. No. 4. As plaintiff has failed to meet the requirements of Rules 8 and 10 as to the only claim that the Court can discern—a false arrest claim—it is recommended that the complaint be dismissed.

### III. Opportunity to Amend

Generally, "a court should not dismiss [a complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). "[A]n opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile." Trombley v. O'Neill, 929 F. Supp. 2d 81, 106 (N.D.N.Y. 2013). However, when a complaint is dismissed for failure to sufficiently plead a claim pursuant to Rules 8 and 10, it is generally dismissed without prejudice and the plaintiff is afforded an opportunity to amend his or her complaint. See, e.g., Tasciotti v. Haffmans, No. 1:22-CV-00238 (DNH/TWD), 2022 WL 958094, at *3 (N.D.N.Y. Mar. 30, 2022) ("[C]onsidering their *pro se* status, the Court further recommends [the p]laintiffs be given an opportunity to amend the complaint to comply with the basic pleading requirements set forth above."), report and recommendation adopted, 2022 WL 1203073 (N.D.N.Y. Apr. 22, 2022). A liberal reading of plaintiff's complaint indicates that she might be able to state a false arrest claim sufficient to survive initial review were she to abide by the requirements of Rules 8 and 10. As such, it is recommended that her complaint be dismissed without prejudice and with leave to amend.

### IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DIMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**; and it is further

**RECOMMENDED**, that should the District Court Judge adopt this Report-Recommendation and Order, plaintiff be given thirty (30) days from the date of the Order adopting this Report-Recommendation and Order to file an amended complaint, and if plaintiff does not file an amended complaint, it will be deemed as an abandonment of any claims for which leave to replead has been granted and will result in judgment being entered against plaintiff on these claims without further order by the Court; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[7]

---

[7] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

Dated: January 10, 2023
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge